IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRI-STATE ARMATURE & ELECTRICAL WORKS, INC.,

        Plaintiff,

V.                                                                  Civil Action No. 3:16cv134-DPM
                                                                    JURY DEMANDED

TIMOTHY B. HOUSTON, ELECTRO DESIGN
ENGINEERING, INC., and CELETA STRIPLING,

        Defendants.

## AGREED PROTECTIVE ORDER

In order to protect and preserve the confidentiality of information obtained by the parties in connection with this case, the Court, with the consent of the parties, hereby orders as follows:

**A.    Scope of Application**

1.    This protective order shall govern all testimony, information, documents and other information and materials generated or produced in response to any discovery conducted by any party to the litigation pursuant to the Federal Rules of Civil Procedure.

2.    Except as otherwise provided herein, nothing contained in this Order shall impose any restrictions on the use or disclosure of documents or information obtained independent of the formal discovery proceedings in this litigation.

3.    A party may designate information disclosed during a deposition or in response to written discovery as "Confidential/Attorney's Eyes Only" by so indicating in those responses or

on the record at the deposition and requesting the preparation of a separate transcript of such material.  This designation shall mean that, in addition to the limitations on disclosure set forth in Section C, disclosure will not be made to the party, its employees, or in-house counsel.  Except as otherwise provided below, each page of discovery material so designated must be stamped with the legend "Confidential/Attorney's Eyes Only" by the producing party in a manner that will not render any portion of the document illegible.  The designation shall also apply to any copies, excerpts or summaries of the designated information.

**B.    Designation of Documents or Other Materials**

1.      Any party or non-party may designate as "Confidential" (by stamping the relevant page or taking steps specified in this Order) any document or information provided in response to discovery which that party or non-party considers in good faith to contain non-public, confidential, trade secret or proprietary information.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in those responses or on the record at the deposition and requesting the preparation of a separate transcript of this material. Additionally, a party or non-party may designate in writing, within thirty days after the court reporter's mailing of the deposition transcript for which the designation is proposed, the specific pages of the transcript to be treated as "Confidential."  To ensure this designation, deposition transcripts shall be treated "Confidential" for thirty days after mailing by the court reporter. Except as otherwise provided below, each page of discovery material so designated must be stamped with the legend "Confidential" by the producing party in a manner that will not render

2

any portion of the document illegible.  The designation shall also apply to any copies, excerpts or summaries of the designated information.

3.    Any other party may object to a designation of "Confidential" or "Confidential/Attorney's Eyes Only."   If an objection is entered, the objecting party shall follow the procedures described in Section F below.   After any confidential designation is made according to this Order, the designated documents or information shall be treated "Confidential" until the matter is resolved according to the procedures described in Section F below.

4.    This Order shall apply equally to any and all documents and information produced or provided prior to the date of this Order, and each party shall have thirty days from the date of this Order to notify the other party in writing as to which previously produced documents or other information the party designates as "Confidential."

**C.    Limitations on Disclosure of Confidential Information**

1.    Except with the prior written consent of the party or non-party that produced the Confidential information or after entry of an Order of this Court obtained upon notice to such other party or non-party's counsel, materials and information designated as "Confidential" (and any information contained therein and any copy, excerpts, notes or summaries thereof) shall not be disclosed in any manner to any person other than:

a.    Counsel of record for the respective parties to this litigation between the parties, including in-house counsel, co-counsel or insurance counsel;

b.    The support and clerical personnel of such counsel assisting in the conduct of this litigation for use in accordance with this Order;

3

c.      The parties and their representatives, and employees (as to each of these, to the extent reasonably necessary, for the prosecution or defense of this litigation);

d.      Consultants or experts retained for the prosecution or defense of this litigation;

e.      Any authors of the Confidential information or any recipients of the Confidential information, provided that the recipient received the Confidential information before this litigation was filed;

f.      The Court, court reporters, and any other court, agency, or other governmental entity having jurisdiction over a dispute between the parties in this action; and,

g.      Any witness or potential witness in this action whose identity has previously been disclosed by a party to all other parties in this action and whose testimony a party reasonably believes will be aided by reviewing the document.

2.      No one other than the parties, their counsel, the Court, and experts or consultants retained by the parties shall be provided with copies of any Confidential document. Before any Confidential document may be provided to any person other than the persons specified in subsection C(1)(a), C(1)(b), C(1)(c), C(1)(e), or C(1)(f) above, that person shall agree to be bound by this Order and execute the document attached as Exhibit A to this Order.

3.      No person receiving Confidential information shall reveal the information to, or discuss the information with, any person who is not entitled to receive the information, except as set forth herein.

**D.    Filing Under Seal**

The contents of the protected materials subject to this Protective Order may be referred to in any pleadings, briefs, or memoranda filed with the Court, and the protected materials may be made exhibits to such pleadings, briefs, or memoranda, provided, however, either party may request that any pleading, brief, or memorandum that refers to any information contained in any of the protected materials subject to this Protective Order, and any pleading, brief, or memorandum to which any protected materials are attached as an exhibit shall be sealed by the Clerk of the Court, and that it shall be made public in whole or in part only pursuant to further order of this Court, after notice to all parties and an opportunity for them to be heard.  The parties shall agree not to object to the sealing of such court files.

The parties, and their respective counsel, shall follow the requirements of Fed. R. Civ. P. 5.2 with regard to redacting information if practicable before any filing under seal.

**E.    Designation by Non-Parties**

Documents produced by non-parties may be designated as "Confidential" by that non-party pursuant to paragraph B of this Order.

**F.    Objections to Designation**

1.    If a party contends that any material designated as "Confidential" or "Confidential/Attorney's Eyes Only" is not entitled to such treatment, that party may at any time give written notice challenging the designation to the party or non-party that so designated the material.  The designating party shall respond to the written notice challenging the designation. Counsel shall confer in good faith *in person.*  If the parties are unable to resolve their dispute

5

over the designation of that material, the parties shall file a joint report with the Court explaining the disagreement.  In filing this joint report, the parties shall follow the Court's Final Scheduling Order provisions regarding Discovery Disputes.

2.      All documents shall be treated as "Confidential" until the Court rules on the joint report filed pursuant to paragraph 1 above, including any appeals.

**G.      Confidential Designation After Case Disposition**

All provisions of this Order restricting the communication or use of Confidential information shall continue to be binding for twelve months after the conclusion of this action, unless otherwise ordered.  Upon conclusion of the litigation, including any appeals, a party in possession of Confidential information, other than that which is contained in pleadings, attorney work-product, deposition transcripts, or which is reasonably necessary to satisfy an attorney's malpractice insurance carrier, shall, upon written request of the producing party, either (a) return the materials, including all copies, summaries and abstracts, no later than thirty days after termination of this action to counsel for the party, or to the non-party, who provided such information, or (b) destroy the materials, including all copies, summaries and abstracts within the time period upon consent of the party or non-party who provided the information and certify in writing within thirty days that the materials have been destroyed.

**H.      Other Matters**

1.      The terms of this Order do not apply to the use of documents at trial or at evidentiary hearings.  The treatment of any Confidential documents at trial or at evidentiary

hearings shall be addressed by the Court and the parties in connection with the trial or evidentiary hearings.

2.      If at any time any information designated as "Confidential" and governed by this Order is subpoenaed or requested by a Court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of the information, the person to whom the subpoena is directed shall give prompt written notice by facsimile or electronic mail to the party or non-party that designated the information as Confidential and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or Court Order).  After receipt of the notice specified under this paragraph, the party or non-party seeking to maintain the "Confidential" designation shall have the sole responsibility of obtaining any Order it believes necessary to prevent disclosure of documents or information so designated.  If the party or non-party seeking to maintain confidentiality does not move for a protective order within the time allowed (or within such time as the Court may direct or as may be agreed upon between the designating person and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the person to whom the subpoena or request is directed, the person to whom the subpoena or request is directed may commence production in response thereto on the date designated on the subpoena or request.  In all other aspects, the subpoenaed party shall cooperate with the designating person to the extent permitted by law.

So Ordered.

_____
D.P. MARSHALL JR.,
U.S. DISTRICT COURT JUDGE

3 January 2017

So Approved:

/s/ Shawn R. Lillie
JAMES M. SIMPSON, ESQ.
SHAWN R. LILLIE, ESQ.
Attorneys for Plaintiff Tri-State Armature & Electrical
Works, Inc.


/s/ Michael E. Mullally
MICHAEL E. MULLALLY, ESQ.
Snellgrove, Langley, Culpepper, Williams & Mullally
Attorneys for Defendant Timothy B. Houston


/s/ Jeffrey W. Puryear
JEFFREY W. PURYEAR, ESQ.
ARIEL J. SNYDER, ESQ.
Womack, Phelps, Puryear, Mayfield & McNeil, P.A.
Attorneys for Defendants Electro Design Engineering, Inc.
and Celeta Stripling

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

_____ hereby acknowledges that (s)he has read the Agreed Protective Order entered into by the parties in the case of *Tri-State Armature & Electrical Works, Inc. v. Timothy B. Houston, Electro Design Engineering, Inc. and Celeta Stripling,* Civil Action Number 3:16cv134-DPM, pending in the U.S. District Court for the Eastern District of Arkansas; that (s)he acknowledges being bound by the terms of said Agreed Protective Order; and that (s)he fully understands the terms of said Agreed Protective Order.

Signature: _____

Date: _____